UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA ANN HANKERSON,              )<br>                                                                 )<br>          Plaintiff,                                    )<br>                                                                 )     Civil Action No. 1:25-cv-01043 (UNA)<br> v.                                                           )<br>                                                                 )<br>SOCIAL SECURITY                               )<br>ADMINISTRATION, et al.,                   )<br>                                                                 )<br>          Defendants.                                )  | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Briarwood, New York, sues the Social Security Administration, the Internal Revenue Service, an unnamed "Mental Health Commissioner/Advocate," thus contravening D.C. LCvR 5.1(c), (g), and two other individuals. *See* Compl. at 1–2. Plaintiff's allegations are quite difficult to follow. She broadly alleges that her local Social Security Office was "giving out [her] trust funds," and "throwing [away] all the

social security of the world," and that there exists a conspiracy to medicate her and to deny her life insurance and benefits from AARP. *See id.* at 4. She further alleges that this conspiracy has been orchestrated to steal her vital records, her DNA, and her identity, and that a website has been created by the purported wrongdoers. *See id.* at 3–4. The complaint closes with undiscernible anecdotes regarding alleged government and police corruption and theft in Albany. *See id.* at 2, 4.

Applicable here, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 1, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge